UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **AARON B. SCRUGGS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0315 AS |
| | ) | |
| **EDWIN G. BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about May 25, 2005, *pro se* petitioner, Aaron B. Scruggs, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on September 19, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on October 12, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. These proceedings commenced in the Allen Superior Court in Fort Wayne, Indiana. The docket sheet discloses that the Court of Appeals of Indiana dismissed an appeal in this case on January 13, 2005. The record discloses an array of pro se filings in the state courts of Indiana by this petitioner. The conviction was for the offense of felony battery entered in the Allen Superior Court in 2003 with an additional count for a Class A misdemeanor for

conversion and a Class A misdemeanor for resisting law enforcement. There are substantial bits and pieces of the state record here including the findings of fact and conclusions of law entered in the Superior Court of Allen County, Indiana by the Honorable John F. Surbeck Jr., a Judge of that court.

This court is familiar with *Hurtado v. California*, 476 U.S. 1161 (1984) and is particularly aware of the dissent of the first Justice John Marshall Harlan in that case. The law of that case, however, is in the majority opinion and not in the well known dissent of the first Justice Harlan. It is very hard for this court to conceive that the majority opinion assists this petitioner in any way. This court would be much more comfortable with this record if there was a formal state court record available and presented. However, the item mentioned from the judge of the Allen Superior Court is useful and important under 28 U.S.C. §2254(e)(1), and there is a rebuttable presumption of correctness which must be overcome by clear and convincing evidence. That is not apparent in this record. This petitioner entered pleas of guilty to the aforesaid state offenses on June 16, 2003. On October 24, 2003, he filed a pro se petition for post-conviction relief which the Allen Superior Court, as above indicated, denied on August 31, 2004. He filed a notice of appeal on September 13, 2004, and his later attempted actions in the Court of Appeals of Indiana were not timely, resulting in the dismissal of the appeal by that court on January 13, 2005, and the later denial of a petition to transfer by the Supreme Court of Indiana.

This court is not a standard court of common law review for state criminal

convictions. This court's function under 28 U.S.C. §2254 is limited to claims for violation of the Constitution, statutes and treaties of the United States. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989). State law claims are not the focus. *Estelle v. McGuire*, 502 U.S. 62 (1991). There is an exhaustion requirement and a requirement that the federal issues be presented first to the state courts, including the highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

The simple fact here is that this petitioner has not fairly presented his federal claims first to the state courts. *Riggins v. McGinnis*, 50 F.3d 497 (7th Cir. 1995), and *Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992) require such. Although this court is generally disinclined to dismiss claims on the basis of procedural default, it appears to be necessary here. To put it plainly, bluntly but not disrespectfully, this petitioner misreads the import of *Hurtado*. For all of these reasons, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** October 17, 2005

                              S/ ALLEN SHARP
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**

3